UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY C. STANCEU, JUDGE

| | | |
|---|---|---|
| VOITH US INC., | : | |
| Plaintiff, | : | Court No. 24-00029 |
| v. | : | |
| UNITED STATES, | : | |
| Defendant. | : | |

## ORDER

Upon reading defendant's partial motion to dismiss for lack of subject matter jurisdiction and plaintiff's response thereto, and upon consideration of other papers and proceedings had herein, it is hereby

**ORDERED** that defendant's motion be, and hereby is, granted; and it is

**ORDERED** that the following protests, and their underlying entries, are severed and dismissed from this action: 390123128904, 390123128905, 390123128906, 280923110065, 280923110066, 390123128907, 200723101156, 200223100873, 140423100068, 170423105665, 170423105666, 370123100285, 390123128909, 270923100233, 370123100286, 170423105669, 390123128989, 530123108918, 530123108981, 390123129265, 390123129266, 370123100288, 390123129707, 390123129709, 390123129708, 200223100896, 390123129769, 390123130032, 390123130033, 390123130034, 550124107102, and 550124107103; and it is

**ORDERED** that plaintiff file an amended complaint with respect to the following protests, and their underlying entries, within 30 days of the Court's judgment on this motion: 160123106680, 151223100887, 151223100888, 040123103090, 140123107549, 240223100665; and it is further

**ORDERED** that defendant file its response to plaintiff's amended complaint within 30 days of the amended complaint being filed.

_____
Judge

Dated: _____
New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY C. STANCEU, JUDGE

| | | |
|---|---|---|
| VOITH US INC., | : | |
| Plaintiff, | : | Court No. 24-00029 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## DEFENDANT'S PARTIAL MOTION TO DISMISS AND MOTION FOR AN EXTENSION OF TIME TO RESPOND TO THE BALANCE OF CLAIMS

Pursuant to Rules 7 and 12(b)(1) of the Rules of the United States Court of International Trade, defendant, the United States, respectfully requests that the Court sever and dismiss from this action for lack of subject matter jurisdiction the following protests, and their underlying entries, upon the grounds set forth in the accompanying memorandum of law: 390123128904, 390123128905, 390123128906, 280923110065, 280923110066, 390123128907, 200723101156, 200223100873, 140423100068, 170423105665, 170423105666, 370123100285, 390123128909, 270923100233, 370123100286, 170423105669, 390123128989, 530123108918, 530123108981, 390123129265, 390123129266, 370123100288, 390123129707, 390123129709, 390123129708, 200223100896, 390123129769, 390123130032, 390123130033, 390123130034, 550124107102, and 550124107103.

Defendant also moves an order directing plaintiff to file an amended complaint with respect to the following protests, and their underlying entries, within 30 days of the Court's judgment on this motion: 160123106680, 151223100887, 151223100888, 040123103090,

140123107549, 240223100665, and for defendant file its response to plaintiff's amended complaint within 30 days of the amended complaint being filed.

WHEREFORE, the United States respectfully asks this Court to enter an order granting its partial motion to dismiss.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:    /s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

Of Counsel:                                  /s/ Alexander Vanderweide
JOHN M. FLANAGAN                  ALEXANDER VANDERWEIDE
Office of the Assistant Chief Counsel    Senior Trial Counsel
International Trade Litigation          International Trade Field Office
U.S. Customs and Border Protection    Department of Justice, Civil Division
                                             Commercial Litigation Branch
                                             26 Federal Plaza, Room 346
                                             New York, New York 10278
                                             (202) 598-0287
                                             Attorneys for Defendant

May 6, 2026

2

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY C. STANCEU, JUDGE

|  |  |  |
|---|---|---|
| VOITH US INC., | : | |
| | : | |
| Plaintiff, | : | Court No. 24-00029 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS AND MOTION FOR AN EXTENSION OF TIME TO RESPOND TO THE BALANCE OF CLAIMS**

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

Of Counsel:
JOHN M. FLANAGAN
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

ALEXANDER VANDERWEIDE
Senior Trial Counsel
International Trade Field Office
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(202) 598-0287
Attorneys for Defendant

May 6, 2026

# TABLE OF CONTENTS

ARGUMENT..................................................................................................................3

    I.    Standard of Review............................................................................................3

    II.    Legal Framework...............................................................................................4

    III.    This Court Lacks Subject Matter Jurisdiction Over Voith's Procedurally Defective Protests................................................................................................................7

CONCLUSION.............................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Amidax Trading Grp. v. S.W.I.F.T. SCRL,*
671 F.3d 140 (2d. Cir. 2011)........................................................................................ 3

*Associated Dry Goods Corp. v. United States,*
521 F. Supp. 473 (Ct. Int'l Trade 1981) .................................................................. 6, 9

*Autoalliance Intern., Inc. v. United States,*
357 F.3d 1290 (Fed. Cir. 2004)................................................................................... 5

*CR Indus. v. United States,*
10 CIT 561 (1986) ...................................................................................................... 3

*Ctr. for Biological Diversity v. U.S. Int'l Dev. Fin. Corp.,*
585 F. Supp. 3d 63 (D.D.C. 2022),
*aff'd,* 77 F.4th 679 (D.C. Cir. 2023)........................................................................... 3

*DaimlerChrysler Corp. v. United States,*
442 F.3d 1313 (Fed. Cir. 2006)................................................................................ 6, 9

*Eastern Transp. Co. v. United States,*
272 U.S. 675, 47 S. Ct. 289, 71 L. Ed. 472 (1927)................................................... 4

*Epoch Design LLC v. United States,*
810 F.Supp.2d 1366 (Ct. Int'l Trade 2012) ............................................................ 5, 6

*Global Sourcing Group, Inc. v. United States,*
611 F.Supp.2d 1367 (Ct. Int'l Trade 2009) ............................................................... 7

*Hartford Fire Ins. Co. v. United States,*

544 F.3d 1289 (Fed. Cir. 2008)......................................................................... 4, 5

*International Custom Products, Inc. v. United States*,
33 C.I.T. 79 (2009) ............................................................................................. 7

*Lane v. Pena*,
518 U.S. 187 (1996)............................................................................................. 5

*McMahon v. United States*,
342 U.S. 25, 72 S. Ct. 17, 96 L. Ed.  (1951)...................................................... 4

*McNutt v. Gen. Motors Acceptance Corp.*,
298 U.S. 178 (1936)............................................................................................. 3

*Ruckelshaus v. Sierra Club,*
463 U.S. 680, 685 (1983)..................................................................................... 4

*Steel Co. v. Citizens For A Better Env't,*
523 U.S. 83 (1998)............................................................................................... 3

*United States v. Mitchell*,
445 U.S. 535 (1980)............................................................................................. 4

*Wally Packaging, Inc. v. United States*,
578 F. Supp. 1408 (Ct. Int'l Trade 1984) ........................................................... 3

*Wear Me Apparel Corp. v. United States*,
511 F. Supp. 814 (Ct. Int'l Trade 1981) ............................................................. 6

**Statutes**

19 U.S.C. § 1514............................................................................................... 4

19 U.S.C. § 1514(a)(2)....................................................................................... 5

19 U.S.C. § 1514(c)(3)..................................................................................... 4, 5

19 U.S.C. § 1514(c)(3)(A) ................................................................................. 9

28 U.S.C. § 1581............................................................................................... 4

28 U.S.C. § 1581(a) .................................................................................... *passim*

28 U.S.C. § 2636............................................................................................... 4

28 U.S.C. § 2636(a)(1)................................................................................. 5, 7, 9

ii

28 U.S.C. § 2638.......................................................................................................... 6

Section 515 of the Tariff Act of 1930........................................................................ 4, 5

Section 515(a) of the Tariff Act of 1930 ....................................................................... 5

**Rules**

USCIT Rule 7 .................................................................................................................. 1

USCIT Rule 12(b)(1) .................................................................................................... 1, 3

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY C. STANCEU, JUDGE

|  |  |  |
|---|---|---|
| VOITH US INC., | : | |
| Plaintiff, | : | Court No. 24-00029 |
| v. | : | |
| UNITED STATES, | : | |
| Defendant. | : | |
|  | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS AND MOTION FOR AN EXTENSION OF TIME TO RESPOND TO THE BALANCE OF CLAIMS**

Pursuant to Rules 7 and 12(b)(1) of the Rules of the United States Court of International Trade, defendant, United States (the Government), respectfully requests that the Court sever and dismiss from this action for lack of subject matter jurisdiction the following protests and their underlying entries: 390123128904, 390123128905, 390123128906, 280923110065, 280923110066, 390123128907, 200723101156, 200223100873, 140423100068, 170423105665, 170423105666, 370123100285, 390123128909, 270923100233, 370123100286, 170423105669, 390123128989, 530123108918, 530123108981, 390123129265, 390123129266, 370123100288, 390123129707, 390123129709, 390123129708, 200223100896, 390123129769, 390123130032, 390123130033, 390123130034, 550124107102, and 550124107103.

This action concerns the "classification of certain Voith QualiFlex press sleeves imported by Plaintiff," Voith US Inc. (Voith). ECF No. 18, Compl. ¶ 1. In its complaint, Voith challenges the denial of the following protests: 390123128904, 390123128905, 390123128906, 280923110065, 280923110066, 160123106680, 390123128907, 200723101156, 151223100887, 200223100873, 140423100068, 170423105665, 170423105666, 370123100285, 390123128909,

270923100233, 370123100286, 170423105669, 390123128989, 530123108918, 151223100888, 530123108981, 390123129265, 390123129266, 040123103090, 140123107549, 240223100665, 370123100288, 390123129707, 390123129709, 390123129708, 200223100896, 390123129769, 390123130032, 390123130033, 390123130034, 550124107102, and 550124107103.  *Id*.

Voith commenced this action on February 6, 2024.  ECF Nos. 1-6.  However, all but six of the protests (160123106680, 151223100887, 151223100888, 040123103090, 140123107549, 240223100665) that Voith lists on the Amended Summons as being challenged were denied by U.S. Customs and Border Protection (CBP) *after* Voith commenced this action.  ECF No. 9.  Consequently, all claims related to these protests are subject to dismissal because Voith cannot satisfy the procedural framework necessary to establish the Court's jurisdiction under 28 U.S.C. § 1581(a).

Separately, Voith identifies two protests in the complaint, 550124107102 and 550124107103, that were omitted from the Amended Summons.  All claims related to these two protests are subject to dismissal for the same reason as the others described above, plus two other reasons – their omission from the Amended Summons is a material defect and Voith failed to timely file the protests against the liquidations of their underlying entries.

As a result of these jurisdictional deficiencies, as explained further below, this Court lacks subject matter jurisdiction over the following protests and their underlying entries: 390123128904, 390123128905, 390123128906, 280923110065, 280923110066, 390123128907, 200723101156, 200223100873, 140423100068, 170423105665, 170423105666, 370123100285, 390123128909, 270923100233, 370123100286, 170423105669, 390123128989, 530123108918, 530123108981, 390123129265, 390123129266, 370123100288, 390123129707, 390123129709,

390123129708, 200223100896, 390123129769, 390123130032, 390123130033, 390123130034, 550124107102, and 550124107103.

## ARGUMENT

### I.      Standard of Review

The Court's determination of subject matter jurisdiction is a threshold inquiry.  *Steel Co. v. Citizens For A Better Env't*, 523 U.S. 83, 94–95 (1998).  "It is fundamental that the existence of a jurisdictional predicate is a threshold inquiry in which plaintiff bears the burden of proof." *CR Indus. v. United States*, 10 CIT 561, 562 (1986).  When jurisdiction is challenged pursuant to Rule 12(b)(1), a plaintiff has the burden of establishing the basis for jurisdiction.  *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Wally Packaging, Inc. v. United States*, 578 F. Supp. 1408, 1410 (Ct. Int'l Trade 1984) (noting that "[w]hen the Court's jurisdiction is challenged, the party asserting jurisdiction has the burden of establishing that jurisdiction exists").

When reviewing jurisdictional challenges, the Court "draw[s] all facts—which [it] assume[s] to be true unless contradicted by more specific allegations or documentary evidence— from the complaint and from the exhibits attached thereto." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d. Cir. 2011) (citations omitted).  "When reviewing a challenge under Rule 12(b)(1), the court may consider documents outside the pleadings to assure itself that it has jurisdiction." *Ctr. for Biological Diversity v. U.S. Int'l Dev. Fin. Corp.*, 585 F. Supp. 3d 63, 69 (D.D.C. 2022), *aff'd*, 77 F.4th 679 (D.C. Cir. 2023) (internal quotation marks and citation omitted); *see also Amidax Trading Grp.*, 671 F.3d at 145 ("To the extent that…the federal defendants's Rule 12(b)(1) motion placed jurisdictional facts in dispute…the district court properly considered evidence outside the pleadings.") (citations omitted).

Furthermore, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotations and citations omitted). A waiver of sovereign immunity must be unequivocally expressed, not merely implied. *Id*. As the United States Supreme Court stated in *Ruckelshaus v. Sierra Club*:

> Waivers of immunity must be "construed strictly in favor of the sovereign," *McMahon v. United States*, 342 U.S. 25, 27, 72 S. Ct. 17, 19, 96 L. Ed. 268 (1951), and not "enlarge[d] . . . beyond what the language requires." *Eastern Transp. Co. v. United States*, 272 U.S. 675, 686, 47 S. Ct. 289, 291, 71 L. Ed. 472 (1927).

463 U.S. 680, 685 (1983).

The precise expression of consent to suit are the jurisdictional statutes enacted by Congress which authorize actions against the United States only under certain conditions. In customs and trade litigation, subject matter jurisdiction in actions against the United States is conferred upon this Court by 28 U.S.C. § 1581. When challenging CBP decisions, administrative protests must be timely filed, 19 U.S.C. § 1514(c)(3), and actions summonsing protest denials must be properly made and timely commenced in accordance with 28 U.S.C. § 2636. Thus, although the United States has consented to be sued in this Court, such suits may only be permitted if the conditions of these statutes are met.

## II.    Legal Framework

Plaintiff asserts jurisdiction under 28 U.S.C. § 1581(a), *see* Compl. ¶ 2, which grants the Court exclusive jurisdiction "of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." Congress created an "express scheme," embodied by 28 U.S.C. § 1581(a) and 19 U.S.C. § 1514, for the importer to challenge certain decisions of CBP, including the classification of merchandise. *See Hartford Fire Ins. Co.*

*v. United States*, 544 F.3d 1289, 1291 (Fed. Cir. 2008) ("In subsection 1581(a), Congress set out an express scheme for administrative and judicial review of Customs' actions.") (citations omitted); *see also* 19 U.S.C. § 1514(a)(2) (providing that "the classification and rate and amount of duties chargeable" are protestable CBP decisions).

Protests challenging CBP decisions must be timely filed, *i.e.*, "within 180 days after but not before—(A) date of liquidation or reliquidation, or (B) in circumstances where subparagraph (A) is inapplicable, the date of the decision as to which protest is made." 19 U.S.C. § 1514(c)(3). Similarly, civil actions contesting the denial of a protest must also be timely brought and require that a protest be denied before suit is commenced. "A civil action contesting the denial, in whole or in part, of a protest under section 515 of the Tariff Act of 1930 is barred unless commenced in accordance with the rules of the Court of International Trade—(1) within one hundred and eighty days after the date of mailing of notice of denial of a protest under section 515(a) of such Act." 28 U.S.C. § 2636(a)(1). As the United States Court of Appeals for the Federal Circuit has held when considering these requirements, "[b]ecause § 2636(a)(1) operates as a waiver of sovereign immunity, this court must 'strictly construe [this statute] in favor of the sovereign.'" *Autoalliance Intern., Inc. v. United States*, 357 F.3d 1290 (Fed. Cir. 2004) (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)).

Pursuant to this statutory scheme, should CBP deny a timely filed protest, the importer may commence a civil action to have the trial court review the administrative decision. 28 U.S.C. § 1581(a). As preconditions to suing under section 1581(a), there must be (1) a timely filed protest (2) that is denied. "The proper, timely filing of a protest is thus a jurisdictional requirement; and, further, the denial, in whole or in part, of a protest is a precondition to the commencement of an action under 28 U.S.C. § 1581(a)." *Epoch Design LLC v. United States*,

5

810 F.Supp.2d 1366, 1370 (Ct. Int'l Trade 2012); *see also DaimlerChrysler Corp. v. United States*, 442 F.3d 1313, 1319 (Fed. Cir. 2006) ("The plain language of the pertinent statutes establishes that the Court of International Trade has jurisdiction only to review 'the denial of a protest,' and that each protest denial is the basis of a separate claim.") (citations and emphasis omitted); 28 U.S.C. § 2638 (referencing civil actions "in which the denial, in whole or in part, of a protest is a precondition to the commencement of a civil action in the Court of International Trade"); and *Wear Me Apparel Corp. v. United States,* 511 F. Supp. 814, 816 (Ct. Int'l Trade 1981) (stating that "prior denial of a protest is still needed if this court's jurisdiction is invoked under 28 U.S.C. s 1581(a)").

Thus, actions commenced under section 1581(a) when a decision on the challenged protest remains pending with the agency are premature and untimely.  *See*, *e.g.*, *Associated Dry Goods Corp. v. United States*, 521 F. Supp. 473, 476 (Ct. Int'l Trade 1981) (dismissing from the action a protest that was untimely filed as it was denied after the summons was filed).

Moreover, to adequately challenge the denial of a protest under 28 U.S.C. § 1581(a), that protest must be listed on the summons, which as the initial pleading in an action contesting the denial of a protest, is required to establish the Court's jurisdiction.  *See DaimlerChrysler Corp.*, 442 F.3d at 1318; *see also id*. at 1319 ("Because each protest forms the basis for a separate cause of action, the summons must establish the Court of International Trade's jurisdiction as to each protest.  The essential jurisdictional fact—the denial of the protest—simply cannot be affirmatively alleged without specifically identifying each protest involved in the suit.").  Thus, as framed by this Court, "[t]he statutory prerequisites to filing suit are 'that Customs has denied the protest containing the entry; that the importer paid all liquidated duties, charges, or exactions for the entry; and, that the importer filed a summons listing either the protest or entry number

6

within 180 days of the denial of the protest.'" *International Custom Products, Inc. v. United States*, 33 C.I.T. 79 (2009) (citations omitted); *see also Global Sourcing Group, Inc. v. United States*, 611 F.Supp.2d 1367, 1372 (Ct. Int'l Trade 2009) (stating same).

**III.    This Court Lacks Subject Matter Jurisdiction Over Voith's Procedurally Defective Protests**

On its Amended Summons, ECF No. 9, Voith indicates the "Date Protest Denied" for all but six (6) of the protests listed as "With CBP."  In another words, when Voith commenced this suit on February 6, 2024, all "With CBP" protests had yet to be decided by CBP, in clear violation of 28 U.S.C. §§ 1581(a) and 2636(a)(1).  Indeed, the below table reflects the dates on which each "With CBP" protest was denied—all of which were denied *subsequent to* the commencement of Voith's suit.

| Protest Number | Date Protest Denied |
|---|---|
| 390123128904 | 11/8/2024 |
| 390123128905 | 11/8/2024 |
| 390123128906 | 11/19/2024 |
| 280923110065 | 6/3/2024 |
| 280923110066 | 6/3/2024 |
| 390123128907 | 6/3/2024 |
| 200723101156 | 6/3/2024 |
| 200223100873 | 6/3/2024 |
| 140423100068 | 11/8/2024 |
| 170423105665 | 6/3/2024 |
| 170423105666 | 6/3/2024 |

7

| 370123100285 | 6/3/2024 |
|---|---|
| 390123128909 | 6/3/2024 |
| 270923100233 | 6/3/2024 |
| 370123100286 | 6/3/2024 |
| 170423105669 | 6/3/2024 |
| 390123128989 | 7/2/2024 |
| 530123108918 | 6/21/2024 |
| 530123108981 | 6/21/2024 |
| 390123129265 | 6/21/2024 |
| 390123129266 | 6/21/2024 |
| 370123100288 | 6/21/2024 |
| 390123129707 | 6/21/2024 |
| 390123129709 | 6/21/2024 |
| 390123129708 | 6/21/2024 |
| 200223100896 | 6/21/2024 |
| 390123129769 | 6/24/2024 |
| 390123130032 | 6/24/2024 |
| 390123130033 | 6/24/2024 |
| 390123130034 | 6/24/2024 |

*See* Protests and Entries, ECF Nos. 10-13; Exhibit 1 (Protest Denials and ACE screenshots of

Protest Nos. 550124107102 and 550124107103, redacted in part to restrict the disclosure of

Business Proprietary and Law Enforcement Sensitive Information).  Because each of the above-

8

listed protests were denied *after* Voith brought this action to challenge the supposed denials, Voith failed to comply with the requirements of 28 U.S.C. §§ 1581(a) and 2636(a)(1), and as restated by precedent. As a result, this Court lacks subject matter jurisdiction to entertain Voith's challenge to these protests. *See*, *e.g.*, *Associated Dry Goods*, 521 F. Supp. at 476 ("Protest No. 1001-1-003596 is hereby dismissed as untimely as it was not denied until after April 13, 1981, the date on which summons 81-4-00375 was filed.").

Additionally, in its complaint only, Voith challenges the denial of Protest Nos. 550124107102 and 550124107103. There are three separate jurisdictional defects for these two protests. *First*, as with the protests in the preceding table, Protest Nos. 550124107102 and 550124107103 were both denied long after Voith commenced this action on February 6, 2024, as both protests were denied on May 6, 2025. *See* Exhibit 1. *Second*, the protests themselves were untimely filed as they were filed more than 180 days after the date that their underlying entries liquidated, in contravention of 19 U.S.C. § 1514(c)(3)(A). *Id*. Underlying Protest No. 550124107102 is Entry No. 26717504687, and underlying Protest No. 550124107103 is Entry No. 26717510478. *Id*. Both entries liquidated on September 22, 2023. *Id*. Yet Voith did not file protests challenging these liquidations until 182 days later, on March 22, 2024, two days beyond the 180-day statutory threshold. *Id*. *Third*, neither protest, nor their corresponding entries, is listed on the Amended Summons as being challenged in this action. Without summonsing the very protests being challenged in its complaint, Voith has failed to establish this Court's jurisdiction over the protests. *See*, *e.g.*, *DaimlerChrysler Corp*., 442 F.3d 1313, and its progeny, discussed *supra* at p. 6. For these reasons, this Court lacks subject matter jurisdiction over Protest Nos. 550124107102 and 550124107103.

9

**CONCLUSION**

For the foregoing reasons, this Court should grant the Government's partial motion to dismiss, and sever and dismiss from this action the following protests, and their underlying entries: 390123128904, 390123128905, 390123128906, 280923110065, 280923110066, 390123128907, 200723101156, 200223100873, 140423100068, 170423105665, 170423105666, 370123100285, 390123128909, 270923100233, 370123100286, 170423105669, 390123128989, 530123108918, 530123108981, 390123129265, 390123129266, 370123100288, 390123129707, 390123129709, 390123129708, 200223100896, 390123129769, 390123130032, 390123130033, 390123130034, 550124107102, and 550124107103.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:    /s/ Justin R. Miller
       JUSTIN R. MILLER
       Attorney-In-Charge
       International Trade Field Office

Of Counsel:                              /s/ Alexander Vanderweide
JOHN M. FLANAGAN                         ALEXANDER VANDERWEIDE
Office of the Assistant Chief Counsel    Senior Trial Counsel
International Trade Litigation           International Trade Field Office
U.S. Customs and Border Protection       Department of Justice, Civil Division
                                         Commercial Litigation Branch
                                         26 Federal Plaza, Room 346
                                         New York, New York 10278
                                         (202) 598-0287
                                         Attorneys for Defendant

May 6, 2026

## CERTIFICATE OF COMPLIANCE

I, Alexander Vanderweide, Senior Trial Counsel in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the Government's memorandum in support of defendant's partial motion to dismiss, dated May 6, 2026, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 2791 words.

/s/ Alexander Vanderweide