UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY C. STANCEU, JUDGE

VOITH US INC.,

Plaintiff,

v.

UNITED STATES,

Defendant.

Court No. 24-00029

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS**

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

AIMEE LEE
Assistant Director

ALEXANDER VANDERWEIDE
Senior Trial Counsel
International Trade Field Office
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(202) 598-0287
Attorneys for Defendant

Of Counsel:
JOHN M. FLANAGAN
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

Dated: August 20, 2026

## TABLE OF CONTENTS

ARGUMENT .......... 2

I. THIS COURT LACKS JURISDICTION OVER THE "WITH CBP" PROTESTS .......... 2

A. This Court Does Not Have Jurisdiction Over The "With CBP" Protests Simply Because It Has Jurisdiction Over Other Denied Protests .......... 2

B. The Court Does Not Have Jurisdiction Over Suspended Protests .......... 4

C. There Is No Basis For Preserving Voith's "With CBP" Protests .......... 6

D. Jurisdictional Discovery Is Not Warranted .......... 10

CONCLUSION .......... 11

## TABLE OF AUTHORITIES

**Cases**

*Autoalliance Int'l, Inc. v. United States*,
398 F. Supp. 2d 1326 (Ct. Int'l Trade 2005) .......... 4

*Carnival Cruise Lines, Inc. v. United States*,
866 F. Supp. 1437 (Ct. Int'l Trade 1994) .......... 7, 8, 9

*Detroit Zoological Soc. v. United States*,
647 F. Supp. 147 (Ct. Int'l Trade 1986) .......... 7, 9

*Hoshine Silicon (Jia Xing) Indus. Co. v. United States*,
780 F. Supp. 3d 1328 (Ct. Int'l Trade 2025) .......... 6

*Irwin v. Department of Veterans Affairs*,
498 U.S. 89 (1990) .......... 6

*Sioux Honey Ass'n v. United States*,
722 F. Supp.2d 1342 (Ct Int'l Trade 2010)
*aff'd in part, vacated in part* 672 F.3d 1041 (Fed. Cir. 2012) .......... 10

*United States v. Cotton,*
535 U.S. 625 (2002) .......... 10

*Wear Me Apparel v. United States,*
511 F.Supp. 814 (Ct. Int'l Trade 1981) .......... 7, 8, 9

**Statutes**

19 U.S.C. § 1515(c) .......... 5

28 U.S.C. § 2636(a)(1) .......... *passim*

28 U.S.C. § 2638 .......... 3, 5

28 U.S.C. § 1581(a) .......... 1, 6, 7, 8, 9, 10

28 U.S.C. § 1581(b) .......... 10

28 U.S.C. § 1581(i) .......... 7, 8, 9

**Rules**

USCIT Rule 73.1 .......... 9, 10

**Other Authorities**

H.R. Rep. No. 96-1235 (1980) .......... 8

S. Rep. No. 96-466, 96th Cong., 1st Sess. 7 (1979) .......... 8

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY C. STANCEU, JUDGE

| | | |
|---|---|---|
| VOITH US INC., | : | |
| Plaintiff, | : | Court No. 24-00029 |
| v. | : | |
| UNITED STATES, | : | |
| Defendant. | : | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS**

Defendant, United States (the Government), respectfully submits this memorandum in reply to plaintiff's, Voith US Inc. (Voith), opposition (Pl. Opp., ECF No. 26) to our partial motion to dismiss.

In our partial motion to dismiss, ECF No. 23, we demonstrated that all but six (6) of the protests (160123106680, 151223100887, 151223100888, 040123103090, 140123107549, 240223100665) that Voith lists on the amended summons as being challenged in this action were denied by U.S. Customs and Border Protection (CBP) after Voith brought suit. For the thirty (30) protests that Voith lists on the amended summons as "With CBP," Voith commenced this action to challenge the protests before they were decided by CBP. Accordingly, we explained that Voith failed to comply with the requirements of 28 U.S.C. §§ 1581(a) and 2636(a)(1), and as a result, the Court lacks subject matter jurisdiction to entertain Voith's challenge to the "With CBP" protests.

Voith does not oppose severance and dismissal of Protest Nos. 550124107102 and 550124107103 from this action, Pl. Opp. at 5, but Voith opposes dismissal of the "With CBP"

protests. Voith's opposition to our motion consists of the following arguments: (1) that Voith's court challenge to the "With CBP" protests was validly made because Voith filed a timely action against the denial of some protests, while identifying the remaining "With CBP" protests being challenged; (2) that CBP should have suspended the "With CBP" protests rather than denying them after this action was commenced; (3) that notwithstanding any defects in the "With CBP" protests, the Court should nevertheless preserve the protests; and (4) that the Court should allow limited discovery regarding how CBP handled the "With CBP" protests after this action was commenced. We address these arguments below—all of which are unavailing as Voith has failed to comply with the statutory prerequisites for properly commencing this action against each protest it seeks to challenge.

## ARGUMENT

## I. THIS COURT LACKS JURISDICTION OVER THE "WITH CBP" PROTESTS

### A. This Court Does Not Have Jurisdiction Over The "With CBP" Protests Simply Because It Has Jurisdiction Over Other Denied Protests

Voith contends that "Defendant's motion depends on reading into the statute an additional requirement that does not appear there: that every protest listed on a summons must already have been denied at the time the summons is filed." Pl. Opp. at 11. By its plain terms, the text of 28 U.S.C. § 2636(a)(1) imposes this requirement: "**A civil action contesting the denial**, in whole or in part, **of a protest** under section 515 of the Tariff Act of 1930 is barred unless commenced in accordance with the rules of the Court of International Trade—(1) within one hundred and eighty days **after the date of mailing of notice of denial of a protest** under section 515(a) of such Act." (emphasis added). Section 2636(a)(1) clearly bars suit in this Court to challenge a protest unless that protest is first denied, and that challenge occurs within 180 days after the date that the notice of the denied protest was mailed. Suit must follow a *denied* protest,

not merely a protest. *See also* 28 U.S.C. § 2638 (referencing civil actions "in which the denial, in whole or in part, of a protest is a precondition to the commencement of a civil action in the Court of International Trade").

Voith attempts to sidestep this statutory commandment by arguing that if at least one of the protests listed on the amended summons had been denied before bringing suit to challenge that denial, then all other protests listed on the summons, regardless of whether they had been denied at the time the suit was commenced, are validly before the Court. *See* Pl. Opp. at 11 ("[Voith] commenced this action by filing a summons, followed the next day by an amended summons. Dkt. Nos. 4, 5. And it did so on February 6, 2024, within 180 days of CBP's August 10, 2023 denial of Protest No. 240223100665, the earliest denial among Voith's protests concerning QualiFlex press sleeves. Voith's amended summons also expressly identified all 36 protests it sought to place before the Court, including the 30 disputed protests then still pending before CBP.").

Voith ignores the plain text of section 2636(a)(1) while simultaneously re-writing the statute. The statute does not allow for suits challenging a denied protest and also any protests that have yet to be decided so long as there is at least one denied protest that concerns the same category of merchandise as any other protest that remains pending with CBP. The statute requires validly commenced actions to challenge the "denial of a protest." Any protest, therefore, not denied before suit is brought, is not properly the subject of an action to challenge that protest.

Nonetheless, Voith asserts that because "it expressly identified each disputed protest in its amended summons," "[t]hat filing was sufficient to put the Government on notice that those entries were part of this court action." Pl. Opp. at 13-14. But whether or not CBP had notice

that Voith intended to dispute a given protest does not confer this Court's jurisdiction over that protest; that protest must first be denied and suit brought within 180 days of that denial. This is a statutory directive imposed on plaintiff by 28 U.S.C. § 2636(a)(1), not a question of providing sufficient notice to the Government.

**B. The Court Does Not Have Jurisdiction Over Suspended Protests**

Voith argues that the Government should not "be permitted to rely on CBP's own post-summons conduct to manufacture the jurisdictional defect it now asserts. After this action was filed, CBP had notice that the disputed protests were part of the same pending classification controversy before this Court." Pl. Opp. at 9; *see also id*. at 5, 14-16. Voith thus contends that "once the issue was before this Court, the proper administrative response was to suspend further protests presenting the same question rather than continue issuing rote denials." *Id*. at 14-15. This argument goes nowhere.

Our partial motion to dismiss does not "rely" on post-summons denials of the "With CBP" protests. These protests were invalidly challenged the moment they were summonsed without CBP first having denied them. The jurisdictional inquiry ends there. *See Autoalliance Int'l, Inc. v. United States*, 398 F. Supp. 2d 1326, 1333 (Ct. Int'l Trade 2005) ("In federal courts, subject matter jurisdiction is established when the suit is filed, which subsequent events cannot alter…. In customs litigation, the jurisdiction of this Court is determined when the summons is filed.") (citations omitted).

And again, it is of no legal import whether CBP had "notice" that the "With CBP" protests were related to "the same pending classification controversy" as any other validly challenged denied protests. Being a "part of the same pending classification controversy" does not confer jurisdiction under 28 U.S.C. § 2636(a)(1); a timely filed protest and denial of that

protest prior to filing the summons does. *See also* 28 U.S.C. § 2638. Indeed, there is no legal requirement for CBP (nor does Voith cite to any authority for the "proper administrative response") to suspend or otherwise refrain from taking certain action on pending protests because in Voith's view those protests concern "the same" issue as other protests. Moreover, if Voith preferred that CBP suspend its decision on the "With CBP" protests, then Voith could have made that request to CBP. But it did not, and instead, Voith attempted to challenge the protests in this Court before they were decided by CBP.

To the extent that Voith relies on 19 U.S.C. § 1515(c) to support its contention, Pl. Opp. at 15-16, that provision does not help its cause. Section 1515(c), titled "Request for set aside of denial of further review," provides in relevant part (and as quoted by Voith) as follows: "If an action is commenced in the Court of International Trade that arises out of a protest or an application for further review, all administrative action pertaining to such protest or application shall terminate and any administrative action taken subsequent to the commencement of the action is null and void." Section 1515(c) thus pertains to requests to set aside the denial of further review of a protest, which did not occur here as there was (1) no denial of further review of the "With CBP" protests and (2) no subsequent request by Voith to set aside any such denial. Moreover, the quoted portion of the provision should be read to relate to protests validly before the Court and actions properly commenced to challenge such protests.

But even if section 1515(c) supported the proposition that CBP should have suspended the "With CBP" protests instead of denying them after this action was filed, a suspended protest does not confer this Court's jurisdiction over that protest; a denied protest prior to bringing suit does. *See* 28 U.S.C. § 2636(a)(1). Voith cannot somehow back into or reverse engineer a timely

action under 28 U.S.C. § 1581(a) by rendering the "With CBP" protests suspended. Simply put, a suspended protest does not confer this Court's jurisdiction over that protest.

**C. There Is No Basis For Preserving Voith's "With CBP" Protests**

Voith recognizes that its challenge to the "With CBP" protests is jurisdictionally flawed. *See* Pl. Opp. at 17 ("To be sure, denial of a protest ordinarily is a prerequisite to suit under section 1581(a), and the summons must identify the protests over which jurisdiction is invoked."). Nonetheless, Voith contends that "if the Court concludes that some procedural defect exists, the more appropriate course would be to preserve the disputed protests and entries within this action so that the Court retains the ability to award effective relief should Voith prevail, rather than dismiss them based on a sequencing objection that would extinguish judicial review." *Id*. at 10.

The "procedural defect" and "sequencing objection" that Voith takes issue with is a direct result of its failure to heed the commencement requirements set forth in 28 U.S.C. § 2636(a)(1), and not from any action that CBP did or did not take on the "With CBP" protests. Voith's pitch to the Court to preserve the procedurally defective protests now that Voith is time-barred from pursuing a challenge to those protests seems akin to an equitable estoppel argument. "Equitable estoppel may toll the statute of limitations when an individual has pursued a defective pleading within the limitations period or when the party was tricked or induced by an adversary's misconduct." *Hoshine Silicon (Jia Xing) Indus. Co. v. United States*, 780 F. Supp. 3d 1328, 1341 (Ct. Int'l Trade 2025) (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)). But as the Court in *Hoshine* stressed, "[t]he doctrine is used sparingly, and courts are 'much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.'" *Id.* (citing *Irwin*, 498 U.S. at 96) (other citations omitted). Voith

can make no claim to trickery or inducement by misconduct here, as its untimely filing challenging the "With CBP" protests is a result of its own actions, not CBP's.

Still, Voith contends "that rigid insistence on procedural sequence" "would amount to an 'empty formalism,'" citing *Detroit Zoological Soc. v. United States*, 647 F. Supp. 147 (Ct. Int'l Trade 1986), *Wear Me Apparel v. United States,* 511 F. Supp. 814 (Ct. Int'l Trade 1981), and *Carnival Cruise Lines, Inc. v. United States*, 866 F. Supp. 1437 (Ct. Int'l Trade 1994) in purported support of this contention. Pl. Opp. at 17-18. These cases do not stand for the proposition that Voith misleadingly advances.

The Court in *Detroit Zoological*, 647 F. Supp. at 148, noted as follows: "Denial of protest is clearly a prerequisite to suit under 28 U.S.C. § 1581(a), but in at least one case before this court a plaintiff was allowed to continue suit under section 1581(a) where denial of protest occurred after the complaint was filed. Dismissal of suit would have been "'an empty formalism.'" (citing *Wear Me Apparel*, 511 F. Supp. at 817).

In *Wear Me Apparel*, the Court found that it did not have jurisdiction under section 1581(a) for a portion of the plaintiff's claims, discussing that "[i]t is settled that prior to the enactment of the Customs Courts Act of 1980, this court lacked jurisdiction to entertain an action challenging a protest if the action was filed before the protest was denied. The passage of the Customs Courts Act of 1980 did not completely eliminate this requirement. Thus, prior denial of a protest is still needed if this court's jurisdiction is invoked under 28 U.S.C. § 1581(a)." 511 F. Supp. at 816 (citation omitted). But the Court in *Wear Me Apparel* found that the jurisdictional provision of section 1581(i) was applicable to a portion of the plaintiff's challenges because the case, in part, involved quantitative restrictions. However, in so finding, the Court cautioned as follows:

> This does not mean, however, that by invoking the jurisdiction of the court under section 1581(i) the mandate of section 1581(a) requiring the exhaustion of administrative remedies, i.e., the filing and denial of a protest, may thereby be dispensed with. Save in those circumstances where equity requires otherwise, the exhaustion of administrative remedies is necessary. See H.R. Rep. No. 96-1235, supra at 44; S. Rep. No. 96-466, 96th Cong., 1st Sess. 7 (1979). Since such circumstances are not present here, plaintiff's claims challenging the exclusion order would normally have been dismissed inasmuch as the action was filed before the protest was denied. But in view of the fact that plaintiff's protest has already been denied, its administrative remedies have already been exhausted. Consequently, dismissal of this portion of plaintiff's action would be an empty formalism because plaintiff could immediately after dismissal file a new action over which this court would unquestionably have jurisdiction under section 1581(a).

511 F. Supp. at 817. Thus, for a portion of the challenge in *Wear Me Apparel*, jurisdiction was available under section 1581(i), and moreover, the plaintiff was still well within the statutory deadline to file a new action challenging the denial of a protest under section 1581(a), over which the Court "would unquestionably have jurisdiction." In those specific circumstances, the Court determined that dismissal would be an "empty formalism."

No such circumstances are present here as Voith has not invoked this Court's jurisdiction under section 1581(i) (nor could it). Nor is Voith within the statutory deadline to file a new action challenging the denial of its "With CBP" protests. Dismissal here would not present an "empty formalism" as it did in *Wear Me Apparel*; dismissal would be the termination of Voith's challenge to the "With CBP" protests, which is a direct consequence of Voith's own lack of diligence to monitor the denial of its protests.

The Court's decision in *Carnival Cruise Lines*, 866 F. Supp. 1437, is similarly inapplicable. In that case, plaintiffs originally brought a challenge under section 1581(i) concerning harbor maintenance fees, and only after amending their complaint did one of the

plaintiffs bring a challenge under section 1581(a) to contest a protest that was denied after the original complaint was filed. *Id*. at 1437-39. That plaintiff also filed a separate complaint with respect to the protest as a protective measure. *Id*. at 1442.

Like *Wear Me Apparel* and *Detroit Zoological*, 647 F. Supp. at 148, and unlike the case at hand, *Carnival Cruise Lines* had the preexisting jurisdictional predicate of section 1581(i) over a portion of the plaintiff's challenge. Moreover, in *Carnival Cruise Lines*, the protest was denied *before* amending the complaint to bring a challenge to that protest, and a separate suit with respect to that protest was also pending. The Court thus held that dismissal of the protest claim would be an "empty formalism." 866 F. Supp. at 1442.

Therefore, dismissal in the cases cited by Voith would have been an empty formalism because the Court already had a valid jurisdictional hook over at least a portion of the plaintiffs' challenges. That is not the case here. Moreover, none of the cases cited by Voith suggest that, where no jurisdictional predicate over a claim exists, the claim could nevertheless still be preserved simply because dismissal would dispense of the claim.

Curiously, Voith also points to the USCIT Rule 73.1 filings as Government conduct warranting preservation of the protests. "[O]n May 3, 2024, Defendant filed the administrative documentation for all 36 protests and their corresponding entries. Dkt. Nos. 10-13. At no point then did Defendant contend that the disputed protests were outside the scope of this action or that Voith would be required to commence separate proceedings later if CBP denied them." Pl. Opp. at 18; *see also id*. at 19 ("Dismissal would not simply require a new filing or some ministerial procedural correction. It would instead foreclose judicial review of claims that Voith identified from the outset of this case and that the Government itself treated as part of the same dispute when it filed the administrative record for all 36 protests.").

It should go without saying that CBP has no obligation whatsoever to provide legal advice to Voith regarding the timing requirements of the statute. Regardless, USCIT Rule 73.1 imposes no requirement on the Government to identify jurisdictional deficiencies in plaintiff's protests when submitting the filings required by the rule. USCIT Rule 73.1 commands CBP to file certain entry and protest documentation after an action is commenced pursuant to 28 U.S.C. §§ 1581(a) and (b) (which does not constitute an administrative record despite Voith's characterization). It is unreasonable to suggest that by making the required filings under USCIT Rule 73.1 that the Government somehow concedes that the "With CBP" protests are properly before the Court. Jurisdiction cannot be negotiated or consented to; it is a legal requirement to the commencement of a suit. *See United States v. Cotton*, 535 U.S. 625, 630 (2002) (A court must have subject matter jurisdiction over a claim "because it involves a court's power to hear a case, [and] can never be forfeited or waived.").

**D. Jurisdictional Discovery Is Not Warranted**

Finally, Voith maintains that the Court should allow for limited discovery regarding CBP's handling of the "With CBP" protests before deciding our partial motion to dismiss. *See* Pl. Opp. at 6, 16, 20-22. This request should be denied. Jurisdictional discovery is not permitted where the requested information or facts cannot remedy the defects in the claims. *See*, *e.g.*, *Sioux Honey Ass'n v. United States*, 722 F. Supp.2d 1342, 1366-72 (Ct Int'l Trade 2010), *aff'd in part, vacated in part sub nom. Sioux Honey Ass'n v. Hartford Fire Ins. Co.*, 672 F.3d 1041, 1064 (Fed. Cir. 2012) (affirming denial of motion for jurisdictional discovery). Such is the case here. There is no need for further factual development when the dispositive facts to the Court's jurisdictional inquiry are readily known and undisputed: (1) the dates that the protests were filed;

(2) the dates that the protests were denied; and (3) the date that the summons challenging the protests was filed.

Yet Voith believes that "[s]uch discovery is warranted here because Defendant's motion depends on the premise that CBP's post-summons denials of the 30 disputed protests were valid administrative acts that should now be given dispositive jurisdictional effect." Pl. Opp. at 20. Not so. Our partial motion to dismiss is premised on the "With CBP" protests being summonsed by Voith before those protests were decided by CBP. Voith's challenge to those protests in this action is therefore defective per the express terms of 28 U.S.C. § 2636(a)(1). Whether CBP ultimately denied, accepted, suspended, or took any other action on the "With CBP" protests after Voith commenced this action has no bearing on the jurisdictional deficiencies of those protests in this action.

## CONCLUSION

For these reasons, we respectfully request that the Court grant our partial motion to dismiss.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

By: JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Aimee Lee
AIMEE LEE
Assistant Director

/s/ Alexander Vanderweide
ALEXANDER VANDERWEIDE

Of Counsel:

JOHN M. FLANAGAN
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

Senior Trial Counsel
International Trade Field Office
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(202) 598-0287
Attorneys for Defendant

Dated: August 20, 2026

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY C. STANCEU, JUDGE

| | |
|---|---|
| VOITH US INC., Plaintiff, v. UNITED STATES, Defendant. | Court No. 24-00029 |

**CERTIFICATE OF COMPLIANCE PURSUANT TO USCIT STANDARD CHAMBER PROCEDURE 2(B)**

I, Alexander Vanderweide, a Senior Trial Counsel in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing reply brief, relying upon the word count feature of the word processing program used to prepare this brief, certify that this reply brief complies with the type-volume limitation under USCIT Standard Chamber Procedure 2(B) and contains 3380 words.

/s/ Alexander Vanderweide